# THE INGBER LAW FIRM, PLLC

October 13, 2015

VIA ECF
Hon. Margo K. Brodie, United States District Judge
Hon. Lois Bloom, United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Pierre v. FJC Security Services, Inc.
      15 CV 4627 (MKB) (LB)

Dear Judge Brodie and Judge Bloom:

This office represents the defendant, FJC Security Services, Inc. in the above referenced action. We are writing this letter in accordance with Your Honors' individual rules to request a pre-motion conference for the purpose of obtaining permission of the Court to move to dismiss this matter under F.R.C.P. Rule 12 (b) (1) and (6).

The basis for the proposed motion is as follows. First, it is believed that the Court lacks subject matter jurisdiction over at least some of the claims included in the Complaint. The Plaintiff filed a discrimination complaint with the New York State Division of Human Rights ("NYSDHR") on or about June 18, 2014; this discrimination complaint was assigned Case no. 10169455. This discrimination complaint was dually filed with the Equal Employment Opportunity Commission, and was assigned charge number 16GB403469 by that federal agency. While the aforementioned discrimination complaint was pending before the NYSDHR, on or about August 5, 2014, the Plaintiff filed a subsequent discrimination complaint with the NYSDHR, under Case no. 10170330, raising additional/different claims than those contained in his earlier discrimination complaint. This second discrimination complaint, also dually filed, was assigned Federal Charge no. 16GB404121 by the Equal Employment Opportunity Commission. The federal Complaint in this matter only annexes a Right to Sue Notice with respect to the earlier discrimination charge (no. 16GB403469). To any extent that a Right to Sue Notice has not been issued with respect to any subsequent claims or discrimination charge(s) filed by Plaintiff, they are not properly before the Court and should be dismissed.

Second, even if, *arguendo*, all of the causes of action in the Complaint were properly before this Court, which is disputed, each of them, including those brought under Title VII, have already been decided against the Plaintiff by the NYSDHR, which issued No Probable Cause findings against Plaintiff. The Plaintiff had a full and fair opportunity to litigate his claims before the aforementioned administrative agency and is thus precluded from re-litigating those matters in this Court. Furthermore, to any extent that the Complaint in this matter purports to invoke causes of action under the New York Human Rights Law "(HRL"), such causes of action are barred by the election of remedies doctrine contained in the HRL, at NY Exec. Law sec 297 (9). As will be set forth in more detail when the Motion to Dismiss this case is

fully briefed, each party presented evidence and documentation in support of their respective positions (and/or had a full opportunity to do so). The procedures employed by the NYSDHR lend themselves to a finding that the parties have had a full and fair opportunity to litigate their claims before the state administrative agency, and that the NYSDHR's findings are entitled to preclusive effect.

This Court should also be aware that the Plaintiff filed an Article 78 Petition in the Supreme Court, County of Queens (Index no. 1358/15) challenging the NYSDHR's actions, and that he has filed an appeal with the New York State Supreme Court, Appellate Division (Docket no. 2015-09036) following the state court's dismissal of the Petition.[1] Respectfully, having elected to pursue any remedies he may have with the NYSDHR, and with the Courts of the State of New York, the Plaintiff should not be permitted to simultaneously pursue remedies on identical claims in this Court.

By reason of the foregoing, it is respectfully requested that the Court schedule a pre motion conference and grant permission for the defendant to file a Motion to Dismiss this case. While we are mindful that Your Honor's rules require submission of a proposed briefing schedule for said motion, because the Plaintiff is proceeding *pro se*, we are requesting that either a preliminary telephone conference on this matter or the pre motion conference itself be held by telephone, and that a briefing schedule be set in said telephone conference, in order to ensure that the Plaintiff is aware of the Court's required procedures.

We thank the Court for its courtesy and consideration herein and respectfully await the Court's rulings.

Very truly yours,

THE INGBER LAW FIRM, PLLC

By: _____
Clifford J. Ingber

Cc: Jean G. Pierre
Via Regular Mail

---

[1] The Supreme Court dismissed Plaintiff's Article 78 petition because he initially failed to join the NYSDHR, a necessary party, and failed to serve and/or join that agency even after having been clearly instructed to do so (and given an opportunity to do so) by the state court.