UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JEAN-GESPERE PIERRE,

                    Plaintiff,                  **MEMORANDUM & ORDER**
                                                                               15-CV-4627 (MKB)

          v.

FJC SECURITY SERVICES, INC.,

                    Defendant.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff Jean-Gespere Pierre, proceeding *pro se*, commenced this action on September 2, 2015. (Compl., Docket Entry No. 1.) On December 22, 2016, the Court denied Plaintiff's motions to remove Magistrate Judge Steven Tiscione and Plaintiff's motion for sanctions. (Order dated Dec. 22, 2016 ("December Order"), Docket Entry No. 29.) On January 11, 2017, Plaintiff filed a motion for reconsideration of the Court's December Order. (Pl. Mot. for Recons. ("Pl. Mot."), Docket Entry No. 64.) On January 20, 2017, Defendant filed an opposition to Plaintiff's motion for reconsideration. (Def. Opp'n to Pl. Mot. ("Def. Opp'n"), Docket Entry No. 65.) For the reasons discussed below, the Court denies Plaintiff's motion for reconsideration.

### I. Background

      The Court assumes familiarity with the litigation and summarizes only the pertinent facts. In an order dated March 29, 2016, Judge Tiscione directed Plaintiff to reschedule the deposition of non-party Eunice Reid which was scheduled for the next day, March 30, 2016, because the timing of the deposition conflicted with Defendant's scheduled deposition of Plaintiff. (Order dated Mar. 29, 2016 ("March 29 Order"), Docket Entry No. 28.) On May 11, 2016, Defendant

filed a letter with the Court requesting a pre-motion conference to discuss its anticipated motion for summary judgment. (Def. Letter dated May 11, 2016, Docket Entry No. 31.) Both parties attended the pre-motion conference on July 15, 2016. (Min. Entry dated July 15, 2016.) At a discovery hearing with Judge Tiscione on the same day as the pre-motion conference, Judge Tiscione scheduled Reid's deposition for September 20, 2016, ordered that all outstanding discovery requests be resolved prior to September 20, 2016, and set a schedule for Defendant's summary judgment motion with briefing to begin on November 21, 2016. (Order dated July 18, 2016, Docket Entry No. 42; Min. Entry dated July 18, 2016.) Plaintiff filed a letter with the Court explaining that Reid did not appear at her September 20, 2016 deposition. (Pl. Letter dated Sept. 20, 2016, Docket Entry No. 52.)

### a. Plaintiff's motions

Plaintiff filed a motion for sanctions on August 2, 2016, alleging that Defendant's counsel: (1) interfered with Reid's deposition on March 30, 2016; (2) requested a motion for "'[s]ummary [j]udgement' by producing a[n] affidavit from a notice Judge"; (3) sought a "frivolous summary judgment" motion; and (4) engaged in *ex parte* conversations with Judge Tiscione "to stop a subpoena" on the eve of deposition "with a notice of false statement." (Pl. Mot. for Sanctions ("Pl. Sanctions Mot.") 1–2, Docket Entry No. 44; Pl. Letter dated Oct. 20, 2016, ("Pl. Oct. 20 Letter") 1–2, Docket Entry No. 56.)[1] Plaintiff also requested that the Court hold Reid in contempt of court for failing to appear at her first scheduled deposition and her rescheduled September 20, 2016 deposition. (Pl. Sanctions Mot. 1; Pl. Oct. 20 Letter at 1–2.) Plaintiff complained of several discovery disputes including that he was not provided with "complete" production "satify[ing] the requests that [Plaintiff] solicited for witness testimony,"

---

[1] Because Plaintiff's papers are not consecutively paginated, all citations to pages of Plaintiff's motions refer to the electronic document filing system ("ECF") pagination.

2

spoliation, and that Defendant failed to produce certain discovery including certain of Reid's communications. (Pl. Oct. 20 Letter at 1; *see also* Pl. Letters, Docket Entry Nos. 47, 48, 51–52, 57.) In Plaintiff's motion to remove Judge Tiscione, he asserted that Judge Tiscione participated in ex parte communications with Defendant's counsel "to stop [Plaintiff's] witness subpoena on March 30, 2016, on a deposition." (Pl. Mot. to Remove ("Pl. Removal Mot.") 2, Docket Entry No. 54; Oct. 20 Letter at 3.) Plaintiff further alleged that Judge Tiscione "compromised his career, his job duty as impartial judge, loyalty, and his fiduciary duty to help, aiding, abetting my opponents defendant's FJC counsel to make a frivolous motion for summary judgment." (*Id.*)

      b.   **December Order**

On December 22, 2016, the Court dismissed both of Plaintiff's motions. (Dec. Order.) The Court did not rule on Plaintiff's discovery disputes or his request to hold Ms. Reid in contempt of court for failure to appear at two depositions, but instead deferred ruling on those matters to Judge Tiscione. (*Id.* at 5 n.7.) The Court found there was no merit to Plaintiff's request for sanctions regarding Defendant's anticipated summary judgment motion and alleged ex parte conversations because Plaintiff appeared at a pre-motion conference to discuss the Defendant's anticipated motion for summary judgment, the motion had yet to be filed, and Plaintiff did not allege any plausible facts supporting his allegations of ex parte communications with Judge Tiscione. (*Id.* at 6.) The Court also denied Plaintiff's motion to remove Judge Tiscione because Plaintiff presented no evidence of partiality and Plaintiff's only dispute with Judge Tiscione appeared to be his disagreement with Judge Tiscione's March 29 Order. (*Id.* at 8.)

## II. Discussion

### a. Standard of review

The standard for granting a motion for reconsideration is strict, and "[r]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochem., Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 628 F. App'x 793, 796 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *Bank of Am. Nat'l Ass'n v. AIG Fin. Prods. Corp.*, 509 F. App'x 24, 27 (2d Cir. 2013) ("The standard for granting such a motion is strict . . . ." (quoting *Shrader*, 70 F.3d at 257)); *see also* Local Civ. R. 6.3 (The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.").

It is thus "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014) (citations and internal quotation marks omitted). In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citations and internal quotation marks omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not

reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." (alteration in original)).

### b. Reconsideration is not warranted

The Court declines to reconsider its December Order because there is no basis to do so. Defendant argues that Plaintiff's motion for reconsider should be denied because the motion is untimely and also fails on the merits, as it does not set forth the necessary grounds for reconsideration. (Def. Opp'n 1–2.)

Plaintiff's motion for reconsideration was filed on January 11, 2017, six days after the fourteen-day period to file a motion for reconsideration had expired. *See* Local Rule 6.3 (stating that "a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion"). However, because Plaintiff is proceeding *pro se*, the Court considers the merits of whether Plaintiff has presented a basis for reconsideration.

Plaintiff fails to point to any facts or controlling law that the Court overlooked in dismissing the motions and accordingly the Court declines to reconsider the December Order. Plaintiff argues that his disagreement with Judge Tiscione's March 29 Order is a basis for reconsideration, (Pl. Mot. 4 (explaining Plaintiff's position that the March 29 Order rescheduling his deposition was incorrect because there was not a scheduling conflict with the scheduling of the depositions)), but the Court explicitly ruled that disagreement with the March 29 Order was not a basis to remove Judge Tiscione or sanction Defendant, (Dec. Order at 6, 8). Plaintiff also argues that the Court failed to sanction Defendant for "severe violations of subpoenas" and that the Court also failed to hold Reid in contempt of court for failing to appear at her deposition. (Pl. Mot. 5, 8–10.) These are discovery disputes that the Court explicitly declined to decide in the December Order, instead deferring to Judge Tiscione. (Dec. Order at 5 n.7.)

The remainder of the arguments in support of Plaintiff's motion for reconsideration are

5

new factual allegations that were not presented in Plaintiff's initial briefing or have no bearing on whether the Court should reconsider the decision to deny Plaintiff's motions. (*See, e.g.*, Pl. Mot. 5 (explaining that one of Judge Tiscione's law clerks "spied" on Plaintiff while he was in the courthouse); *id.* at 6 ("In your first paragraph of 'sanctions' and third paragraph even you omitted some citations that don't match with my case or Ex Parte Judge Tiscione – Each citation has its own cause and its effects which has nothing to see with my case cause and my effects caused.").)

Plaintiff also fails to identify controlling law that the Court overlooked in its December Order. Plaintiff attaches to the motion for reconsideration multiple pages that include summaries of state disciplinary determinations and citations to the Rules of Judicial Conduct, but none of the summaries or rules are controlling law that the Court overlooked in denying Plaintiff's motion to remove Judge Tiscione.[2] *See Henderson v. City of New York*, No. 05-CV-2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (alterations in original) (citations omitted)).

Accordingly, because Plaintiff does not point to any facts raised in his initial motions or controlling law that the Court overlooked in reaching the December Order, there is no basis for

---

[2] Plaintiff also argues that he "omitted two (2) [Civil Practice Law and Rules ("CPLR")] 3126 and 3216 for 'spoliation' in [his] claims for sanctions – against both Defendant's Counsels and the Witness, and also CPLR 35." (Pl. Mot. 5.) However, Plaintiff cited CPLR section 3126 as a basis for sanctions in his initial motion and the Court explicitly considered that provision in rendering its decision. (*See* Dec. Order at 5 n.8.) Because the Court did not make any rulings as to Plaintiff's discovery disputes, CPLR section 3126 was not relevant to the Court's December Order. (*See id.* at 5 ("The Court construes Plaintiff's request for sanctions, other than those relating to discovery, as a request invoking the Court's 'inherent power' to sanction parties and their counsel in aid of achieving 'orderly and expeditious disposition of cases.'" (citation omitted)).) CPLR section 3216, which addresses want of prosecution, is not applicable to either of Plaintiff's underlying motions. *See* N.Y. C.P.L.R. § 3216.

the Court to reconsider its decision. *See, e.g., Cedar Petrochem., Inc.*, 628 F. App'x at 797 (affirming denial of motion for reconsideration where the moving party "failed to point to decisions or data that the district court had 'overlooked'"); *Bank of Am. Nat'l Ass'n*, 509 F. App'x at 27 (affirming denial of motion for reconsideration where the moving party "fail[ed] to point to anything that the district court overlooked in its prior decisions"); *Simon*, 18 F. Supp. 3d at 427 (denying motion for reconsideration where the moving party "simply repeats arguments already considered and rejected by the Court").

### III. Conclusion

For the foregoing reasons, the Court declines to reconsider the December Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 24, 2017
      Brooklyn, New York